IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |
|---|---|
| NUCOR CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 23-00003 |
| Defendant, | ) |
| and | ) |
| GOVERNMENT OF THE REPUBLIC OF KOREA, | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully submits its opposition to the motion to stay proceedings filed by plaintiff Nucor Corporation (Nucor). ECF No. 21 (Apr. 14, 2023). In this action, plaintiff challenges the final results of the Department of Commerce in the 2019 administrative review of the countervailing duty order covering *Certain Carbon and Alloy Steel Cut-to-Length Plate From the Republic of Korea*, 87 Fed. Reg. 74,597 (Dep't Commerce Dec. 6, 2022), and accompanying Issues and Decision Memorandum. Nucor seeks a stay of this proceeding pending the final resolution of a separate action arising from the previous administrative review of the same countervailing duty order, *Certain Carbon and Alloy Steel Cut-Length Plate from the Republic of Korea*, 87 Fed. Reg. 6,842 (Dep't Commerce Feb. 7,

2022), which is pending before this Court in *Nucor Corp v. United States*, No. 22-00070 (Ct. Int'l Trade, filed Mar. 9, 2022) (*Nucor I*).

We respectfully request that this Court deny Nucor's request for a stay. Although some of the issues challenged are similar, this case also involves an issue that is not shared between the two cases. Furthermore, Nucor has not shown that a stay here would facilitate an efficient resolution of the case or conserve the parties' and the Court's resources, nor has it shown that any duplication efforts clearly outweigh the detrimental effects of the requested indefinite stay. Accordingly, we respectfully request that the Court deny the plaintiff's motion to stay.

## ARGUMENT

I.   Standard of Review

"[The] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Apex Exps. v. United States*, 36 C.I.T. 1144, 1146 (2012) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Whether to grant or deny a stay rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

Although the decision to grant a stay rests within the Court's sound discretion, the Court "must weigh and maintain an even balance between competing interest[s] when deciding whether a stay is appropriate." *Nexteel Co., Ltd. v. United States*, 2022 Ct. Intl. Trade LEXIS 4 at *4 (Ct. Int'l. Trade January 21, 2022) (*citing Landis*, 299 U.S. at 254-55). To decide whether to grant a motion to stay, the Court weighs and maintains an even balance among competing interests, including judicial economy, efficiency, and parties' resources. *See Landis*, 299 at 255-57; *Cherokee Nation*, 124 F.3d at 1416; *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d

1344, 1347 (Ct. Int'l Trade 2003). The movant need not show that a related proceeding is determinative of the instant proceeding, but the movant must offer more than a generalized statement that the proposed stay would result in no harm or prejudice and explain the benefit of the proposed stay.[1]

In particular, courts disfavor extensive stays and require the movant to show a "pressing need" for a protracted stay that is "immoderate or indefinite." *See Cherokee Nation*, 124 F.3d at 1416; *accord LG Elecs. Inc. v. United States Int'l Trade Comm'n*, No. 13-00100, 2013 WL 5943229, at *3 (Ct. Int'l Trade Nov. 6, 2013) (denying motion to stay in part due to proposed stay's duration). As this Court has stated, timely exercise of jurisdiction is "paramount," *Gerald Metals, Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n.6 (Ct. Int'l Trade 1998) (quoting *Cherokee Nation,* 124 F.3d at 1416), even though the Court has the discretion to stay its own proceedings. *Georgetown Steel*, 259 F. Supp. 2d at 1347. "[A] stay of indefinite duration" requires the movant to demonstrate a "pressing need for the stay," which must be balanced against "the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416. Further, the movant must show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

---

[1] *Compare Columbia Forest Prod. v. United States*, 352 F. Supp. 3d 1274, 1276 (Ct. Int'l Trade 2018) (denying plaintiff's motion to stay noting, among other reasons, that outcome of related proceeding is uncertain and stay will likely delay resolution of current action), *and Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2003) (denying defendant's motion to stay pending outcome of related appeal when it was unclear related appeal would resolve issues raised in petition for review), *with Jinxiang Dong Yun Freezing Storage Co. v. United States*, 32 C.I.T. 1140, 1141 (2008) (granting plaintiff's motion to stay when related litigation could result in "decisive implications" for case sought to be stayed).

II. <u>Nucor Has Not Shown That Staying This Case Is Appropriate</u>

This Court should decline to stay this case pending the outcome of *Nucor I*. Although the two cases may share commonalities in the overarching legal issues presented, "each administrative review is a separate segment" of a proceeding with "its own unique facts," *Peer Bearing Co. v. United States*, 587 F. Supp. 2d 1319 (Ct. Int'l Trade 2008), and the Court's review of Commerce's determination is limited to the underlying administrative record, 19 U.S.C. § 1516a(a)(2); 28 U.S.C. § 2635(b)(1).

We acknowledge that the plaintiff in this case has asserted the same claim to that raised in *Nucor I*, and further that the underlying determinations may likely be also similar. *See Nucor I*, CIT 22-00070, ECF No. 49 (April 28, 2023) (opinion sustaining Commerce's final results); *see also Nucor Corp. v. United States*, CIT No. 22-00050, ECF No. 56 (April 19, 2023) (same); *Nucor Corp. v. United States*, CIT No. 22-00137, ECF No. 37 (April 19, 2023) (same). In *Nucor I*, Nucor has challenged the same issue that is challenged in this proceeding, Commerce's determination regarding the government of Korea's alleged provision of electricity for less-than-adequate remuneration. This question of law regarding Commerce's determination on the alleged provision of electricity for less-than-adequate remuneration is a frequently reoccurring issue in Korean steel countervailing duty administrative reviews, and may be presented in new cases that have not been filed. Furthermore, Nucor in this case has raised an additional issue that was not present in *Nucor I*. In addition to challenging Commerce's determination on the alleged provision of electricity for less-than-adequate remuneration, Nucor has also challenged Commerce's decision not to conduct verification of the government of Korea's questionnaire responses. The litigation arising from the previous administrative review, *Nucor I*, does not

4

involve this particular claim, and thus the outcome of *Nucor I* would not impact all of the issues presently before the Court in this proceeding.

A trial court is not bound by another trial court's or its own decisions, *Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989), and it is not an efficient use of resources to stay every proceeding simply because it presents a challenge to Commerce's determination regarding the alleged provision of electricity for less-than-adequate remuneration in Korea without knowing when (if ever) we would have binding precedent from the Federal Circuit. *See, e.g., RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1285 (Ct. Int'l Trade 2011) (staying case pending resolution of Federal Circuit appeal). Further, if the issue presented in this case is truly identical to the one presented in *Nucor I*, the parties can raise identical arguments and the Court can issue an identical opinion, so a stay would conserve only limited resources.[2] Thus, absent an appeal that would result in controlling precedent, staying this case pending *Nucor I* would not meaningfully promote judicial efficiency.

Moreover, the prospect that *Nucor I* may one day get appealed to the Federal Circuit does not at this time warrant an indefinite stay. Aside from any appeal being hypothetical, the timing of such an appeal would depend on various factors, such as the number and duration of any remands. Without knowing when the issue may be resolved by the Federal Circuit, if ever, the proposed stay results in an extensive and unnecessary delay of the proceeding disfavored by courts, and no pressing need for such a stay has been identified. Nucor's general statement that the proposed stay would not result in any harm or prejudice to other parties falls short of

---

[2] Indeed, Nucor attempted to stay *Nucor I* on almost identical reasoning, based on an even earlier case – *Nucor Corp. v. United States*, CIT 22-cv-00050 – that also involved provision of electricity in Korea. *See Nucor I*, CIT 22-00070, ECF No. 25 (June 10, 2022). There, as here, Nucor was unable to show that the benefits of a stay would outweigh the costs. *See Nucor I*, CIT 22-00070, ECF No. 28 (July 5, 2022) (order denying stay).

5

demonstrating the pressing need for the stay. *See* ECF No. 21 at 4 (Apr. 14, 2023) ("given the uniformity of issues and parties in this appeal and in *Nucor I*, staying this case poses neither hardship nor prejudice").

Finally, despite Nucor's assertions otherwise, the proposed stay presents a fair possibility of prejudice for the United States. During the indefinite stay, the memories of agency personnel and other interested parties will fade. New personnel may replace the agency employees with knowledge of the case and the stagnant case will remain dormant on the Court's docket. Although a similar argument was found unpersuasive in *Jiaxing Brother Fastener Co. v. United States*, 179 F. Supp. 3d 1156, 1161 (Ct. Int'l Trade 2016), the Court later credited the argument when it lifted the stay *sua sponte* almost three years later, see *id.* Feb. 25, 2019 Order at 3, and this Court found this argument persuasive in *Nucor I*. *See Nucor I*, CIT 22-00070, ECF No. 28 at 4 (July 5, 2022) (acknowledging an indefinite stay would prejudice the United States and defendant-intervenor government of Korea). Experienced and competent personnel are critical — and indeed the most important — resources of the agency. To the extent that the Court considers the conservation of the parties' resources, the realities and practical implications of the proposed stay warrant consideration. Therefore, Nucor is incorrect in asserting that a stay would not result in any harm or prejudice.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny Nucor's motion to stay these proceedings.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

| | |
|---|---|
| OF COUNSEL: | PATRICIA M. McCARTHY<br>Director<br><br>/s/ Tara K. Hogan<br>TARA K. HOGAN<br>Assistant Director<br><br>/s/ AUGUSTUS GOLDEN |
| W. MITCH PURDY<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement & Compliance<br>P.O. Box 480, Ben Franklin Station<br>U.S. Department of Commerce | Augustus Golden<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>Washington, DC 20044<br>Tel: (202) 507-6089<br>Fax: (202) 307-0972<br>Email: augustus.j.golden@usdoj.gov |
| May 3, 2023 | Attorneys for Defendant |

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| NUCOR CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br> and<br><br>GOVERNMENT OF THE REPUBLIC OF KOREA,<br><br>    Defendant-Intervenor. | Court No. 23-00003 |

**ORDER ON PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Upon consideration of the motion to stay filed by Nucor Corporation, as well as defendant's response in opposition thereto, and all other pertinent papers, it is hereby

ORDERED that the motion to stay is DENIED.

DATED: _____, 2023    _____
   New York, New York          CHIEF JUDGE