IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NUCOR CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>                Defendant,<br><br>     and<br><br>GOVERNMENT OF THE REPUBLIC OF KOREA,<br><br>                Defendant-Intervenor. | Before: Hon. Mark A. Barnett,<br>             Chief Judge<br><br>Court No. 23-00003 |

## DEFENDANT-INTERVENOR'S RESPONSE IN OPPOSITION TO MOTION TO STAY

Defendant-Intervenor the Government of the Republic of Korea ("GOK") hereby responds to the motion to stay filed by Plaintiff Nucor Corporation ("Plaintiff"). ECF No. 21. For the following reasons, Plaintiff's motion to stay this case pending final disposition of *Nucor Corp v. United States*, No. 22-00070 (Ct. Int'l Trade, filed Mar. 9, 2022) ("*Nucor I*") should be denied, and the briefing of this action should proceed pursuant to the schedule set in the Court's scheduling order. ECF No. 23.

This response is timely submitted. Plaintiff filed its motion to stay proceedings on April 14, 2023. ECF No. 21. Pursuant to USCIT Rule 7(d), a response to a motion is timely if it is filed within 21 days after service of such motion. This response is being filed within the 21-day window for filing a response.

Plaintiff challenges in this appeal the U.S. Department of Commerce's ("Commerce") final results in the 2020 administrative review of the countervailing duty order covering *Certain Carbon and Alloy Steel Cut-to-Length Plate from the Republic of Korea*, 87 Fed. Reg. 74,597 (Dep't Commerce Dec. 6, 2022).  One of the issues in this appeal is Commerce's determination regarding the GOK's alleged provision of electricity for less than adequate remuneration ("LTAR"), which Nucor argues is unsupported by substantial evidence or is otherwise not in accordance with law.  *See* Compl. ¶¶ 26-27, ECF No. 9.  Nucor makes a similar argument in *Nucor I* (*see Nucor I* Compl. ¶¶ 20–21, ECF No. 8) and in its appeals of other administrative reviews covering the same issue.

While Commerce used similar language and reasoning to support its determination regarding the provision of electricity for LTAR in all of these cases, staying this action based solely on this issue would neither conserve the resources of this Court or the parties nor preserve judicial economy for the reasons detailed below.  In short, Nucor has not met its burden of establishing the need for a stay (*Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)), and the balance of interests in this case do not favor a stay.  *Nexteel Co., Ltd. v. United States*, 556 F. Supp. 3d 1376, 1378 (Ct. Int'l Trade 2022); *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

First, the court has previously concluded that the overlap in issues among cases with respect to the GOK's alleged provision of electricity for LTAR does not warrant a stay.  Specifically, in *Nucor I*, Nucor sought to stay the proceedings pending separate litigation in *Nucor Corp. v. United States*, Court No. 22-00050 (filed Feb. 18, 2022), involving the GOK's provision of electricity, relying on virtually identical arguments to those in Nucor's pending motion.  The court denied the motion, concluding that "[c]onsiderations of judicial economy do

not favor a stay." Order, *Nucor I*, No. 22-00070, ECF No. 28 at 3-4. Nucor filed a similar motion in *Nucor Corp. v. United States*, No. 22-00137 (Ct. Int'l Trade, filed May 6, 2022) ("*Nucor II*"), which the court also denied. Order, *Nucor II*, No. 22-00137, ECF No. 26 at 3-4. The same reasoning applies here, if not more so. In *Nucor I* and *Nucor II*, Plaintiff moved to stay proceedings involving appeals of Commerce decisions covering the same period of review ("POR"). In this case, Nucor is requesting that the court stay proceedings involving appeals of decisions covering two different PORs. Plaintiff provides no basis for the Court to reach a different conclusion in this case. Instead, Plaintiff's approach would result in a patchwork of stays whereby the litigation regarding the same issue would proceed in a handful of cases involving the same POR but not in this one involving a different POR. This scenario would not result in an efficient use of the Court's and the parties' resources or promote judicial economy.

      Second, while the issue of the alleged provision of electricity for LTAR in Korea has been raised in several countervailing duty administrative reviews, those appeals have not – to date – resulted in a decision from the Court of Appeals for the Federal Circuit ("Federal Circuit") that would require Commerce to treat the GOK's provision of electricity in a particular manner. Notably, Plaintiff seeks a stay pending a case for which there is no guarantee that it will ever be appealed to the Federal Circuit or, if such an appeal is filed, that the resulting decision from the Federal Circuit would mandate a particular outcome in this appeal. Thus, at this time, it is unclear what impact *Nucor I* might eventually have on this case. This court has explained that "speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay." *Bldg. Sys. De Mexico S.A de C.V. v. United States*, 463 F. Supp. 3d 1344, 1348 (Ct. Int'l Trade 2020). Nucor's motion fails to articulate even a speculative claim regarding the impact that *Nucor I* will eventually have on this case, especially

3

considering *Nucor I* involves a different POR than the one at issue here. This action could be delayed for months or even years without any of the supposed benefits touted by Plaintiff if this Court issues the requested stay, which further weighs against any stay.

Third, to the extent the issues in this case are "virtually identical" to the issues in *Nucor I*, as Plaintiff alleges (Mot. to Stay at 1), the parties and the Court may simply use the same arguments and reasoning, which would minimize the expenditure of resources without unduly delaying the proceedings. Thus, any conservation of judicial resources resulting from a stay would be minimal. Further, notwithstanding Nucor's arguments in this regard, "'each administrative review is a separate segment'" of a proceeding with "'its own unique facts,'" *Peer Bearing Co. v. United States*, 587 F. Supp. 2d 1319, 1325 (Ct. Int'l Trade 2008) (quoting *Shandong Huarong Mach. Co. v. United States*, 2005 WL 1105110, 29 CIT 484, 491 (2005)). Therefore, the Court in each of these cases is limited to a review of Commerce's decisions and the record in the applicable underlying review. This is particularly the case where here, as *Nucor I* involves a different POR and, therefore, "unique facts" from an entirely different period.

Finally, Plaintiff provides insufficient justification for its request for a stay of indefinite duration.[1] The Federal Circuit has determined that a movant for "a stay of indefinite duration" must demonstrate a "pressing need for the stay," which the court must balance against its "paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416. As the court in *Nucor I* and *Nucor II* noted, "Nucor's desire to avoid duplicative efforts is not the type of 'pressing need' meriting an indefinite stay." Order, *Nucor I*, No. 22-00070, ECF No. 28 at 4; *see also* Order, *Nucor II*, No, 22-00137, ECF No. 26 at 3.

---

[1] Although briefing has been completed before this court in *Nucor I*, additional appeals and remands are possible, and thus it could be months or even years before there is a final and conclusive disposition of *Nucor I*.

4

Further, despite Nucor's assertions otherwise, an indefinite stay of the kind that Plaintiff seeks would be harmful to the GOK as such a delay increases the likelihood that GOK personnel familiar with the issues will be replaced before the Court's final decision, which would result in the GOK expending additional time and resources to train new personnel and maintain records regarding past actions. The GOK is also cognizant of and concerned by the potential harm that an indefinite delay in the resolution of this case would have on Korean exporter POSCO and its cross-owned affiliates, whose entries remain suspended pending the final decision in this action.  POSCO paid CVD cash deposits throughout 2020.  *Certain Carbon and Alloy Steel Cut-to-Length Plate From the Republic of Korea: Notice of Court Decision Not in Harmony With Final Countervailing Duty Determination, and Notice of Amended Final Countervailing Duty Determination*, 84 Fed. Reg. 64,459 (Dep't Commerce Nov. 22, 2019) (setting 3.72 percent cash deposit rate for POSCO); *Certain Carbon and Alloy Steel Cut-to-Length Plate From the Republic of Korea: Final Results and Partial Rescission of Countervailing Duty Administrative Review, 2017*, 85 Fed. Reg. 2710 (Dep't Commerce Jan. 16, 2020) (resetting cash deposit rate for POSCO to 0.50 percent).  The rate calculated in the 2020 administrative review for POSCO and its cross-owned affiliates was calculated as *de minimis*, meaning that the deposits paid on POSCO's entries during the POR would be refunded in full.  *See* 87 Fed. Reg. at 74,597.  A stay would unreasonably harm POSCO and its cross-owned affiliates that are otherwise entitled to receive refunds.  Thus, a stay would prejudice the GOK and Korean companies.  *See* Order, *Nucor I*, No. 22-00070, ECF No. 28 at 4 (citing the same concerns raised by GOK and concluding that "Nucor has not shown that any benefits flowing from a stay of such duration outweigh the costs"); *see also* Order, *Nucor II*, No. 22-00137, ECF No. 26 at 4.

In sum, if Plaintiff's request for a stay were granted, it would create, rather than eliminate, additional burdens on time and resources for the Court and all parties involved, contrary to court rules and precedent.  Plaintiff has not met its burden.  USCIT Rule 1 requires the court rules to "be construed, administered, and employed by the court and the parties to secure the ***just, speedy, and inexpensive*** determination of every action and proceeding" (emphasis added).  Based on this principle, the Court has repeatedly held that, while the authority to stay proceedings is within the Court's discretion, it "must weigh and maintain an even balance between competing interest[s] when deciding whether a stay is appropriate."  *Nexteel Co. Ltd. v. United States*, 556 F. Supp. 3d 1376, 1378 (Ct. Int'l. Trade Jan. 21, 2022).  In doing so, the Court considers judicial economy, efficiency, and parties' resources.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 255-57 (1936); *Cherokee Nation*, 124 F.3d at 1416; *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2003).  A stay in this case would fail to adequately balance the interests of the parties and would inappropriately favor Plaintiff over all other parties.

For the aforementioned reasons, the GOK respectfully requests that the Court deny Plaintiff's motion to stay and enter a scheduling order reflecting the proposed briefing schedule contained in the joint status report.

    Respectfully submitted,

    /s/ Yujin K. McNamara
    Yujin K. McNamara
    Sarah S. Sprinkle
    Daniel M. Witkowski
    Devin S. Sikes
    Sydney L. Stringer
    Sung Un K. Kim
    AKIN GUMP STRAUSS HAUER & FELD LLP
    2001 K Street NW
    Washington, DC 20006
    Phone: (202) 887-4347
    E-mail: ymcnamara@akingump.com

Dated: May 5, 2023    *Counsel for the Government of the Republic of Korea*