**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| NUCOR CORPORATION,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>          Defendant,<br><br>and<br><br>GOVERNMENT OF THE REPUBLIC OF KOREA,<br><br>          Defendant-Intervenor. | Before: Mark A. Barnett, Chief Judge<br>Court No. 23-00003 |

## ORDER

      Plaintiff Nucor Corporation ("Nucor") commenced this action challenging the U.S. Department of Commerce's ("Commerce") final results in the 2020 administrative review of the countervailing duty order on certain carbon and alloy steel cut-to-length plate from the Republic of Korea. Summons, ECF No. 1. At issue in this appeal is Commerce's determination that the Korean government's provision of electricity for less than adequate remuneration conferred no measurable benefit, Compl. ¶ 27, ECF No. 9, and Commerce's decision not to conduct verification of the Korean government's questionnaire responses, *id.* ¶ 29. Nucor moves to stay this case pending final disposition of *Nucor Corp. v. United States*, Court No. 22-cv-00070 (CIT filed Mar. 9, 2022) ("*Nucor 22-70*"), including all appeals.[1] Mot. to Stay Proceedings ("Mot."), ECF

---

[1] The court sustained Commerce's determination and entered judgment in *Nucor 22-70* on April 28, 2023. J., ECF No. 50.

No. 21.  Defendant United States and Defendant-Intervenor Government of the Republic of Korea oppose the motion.  Def.'s Opp'n to Pl.'s Mot. to Stay Proceedings, ECF No. 24; Def.-Int.'s Resp. in Opp'n to Mot. to Stay ("Def.-Int.'s Opp'n"), ECF No. 25.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Whether to grant or deny a stay rests "within the sound discretion of the trial court."  *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).  In exercising that discretion, the court must "weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 255.  "[A] stay of indefinite duration" requires the movant to demonstrate a "pressing need for the stay," which must be balanced against "the court's paramount obligation to exercise jurisdiction timely in cases properly before it."  *Cherokee Nation*, 124 F.3d at 1416.

Nucor bases its request on the similarity of claims raised in each case concerning the alleged provision of electricity for less than adequate remuneration.  Mot. at 3.  The court previously rejected a similar request by Nucor seeking to stay *Nucor 22-70* pending resolution of another case raising a similar claim.  *See* Order, *Nucor 22-70* (CIT July 5, 2022), ECF No. 28.  Here, as there, "Nucor's desire to avoid duplicative efforts is not the type of 'pressing need' meriting an indefinite stay."  *Id.* at 4 (citing *Cherokee Nation*, 124 F.3d at 1416); *see also* Mot. at 2–3.  Nucor's request is even less persuasive in this case given the presence of an additional claim concerning Commerce's decision not to conduct verification that was not raised in *Nucor 22-70*.

Court No. 23-00003 Page 3

*See* Compl. ¶ 29.  Thus, any final decision in *Nucor 22-70* will not address, much less dispose of, all the issues in this case.

      Accordingly, it is hereby **ORDERED** that Nucor's motion to stay (ECF No. 21) is **DENIED**; and it is further **ORDERED** that briefing shall proceed in accordance with the scheduling order entered on April 14, 2023 (ECF No. 23).

      /s/     Mark A. Barnett
      Mark A. Barnett, Chief Judge

Dated: May 5, 2023
      New York, New York